UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CRAIG E. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:11-cv-00543-RCJ-PAL |
| vs. | ) | |
| | ) | |
| BANK OF AMERICA, N.A. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a foreclosure case involving one property. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona and does not appear eligible for transfer. Plaintiff brings a single claim for quiet title. Pending before the Court are a motion to dismiss and several motions to remand and for stay. For the reasons given herein, the Court grants the motion to dismiss and denies the motions to remand and to stay.

**I.   THE PROPERTY**

Craig E. Brown gave lender Countrywide Bank, FSB ("Countrywide") a promissory note in the amount of $760,000 to purchase property at 7435 W. Richmar Ave., Las Vegas, NV 89178 (the Property"). (*See* Deed of Trust ("DOT") 1–4, Dec. 10, 2007, ECF No. 1-1, at 46). Recontrust Co., N.A. was the trustee. (*See id.* 2). Mortgage Electronic Registration Services, Inc. ("MERS") assigned the Note and DOT to BAC Home Loans Servicing ("BAC") (*See* Assignment, Jan. 21, 2010, ECF No. 1-1, at 70). BAC substituted Recontrust as trustee,

although Recontrust was already the trustee. (*See* Substitution, Jan. 21, 2010, ECF No. 1-1, at 72). Plaintiff defaulted in an unspecified amount as of October 1, 2009. (*See* First Notice of Default ("NOD") 1, Jan. 22, 2010, ECF No. 7-1). Recontrust filed an NOD. (*See id.* 2). Recontrust rescinded the First NOD but then filed a second NOD. (*See* Second NOD, Mar. 18, 2010, ECF No. 7-3). Recontrust then rescinded the Second NOD and filed a third NOD. (*See* Third NOD, Sept. 2, 2010, ECF No. 7-5).

## II. ANALYSIS

Although it is unorthodox that Recontrust was substituted as trustee for itself and that it filed three successive NODs, because Recontrust was the original trustee any of the three NODs was sufficient. *See* Nev. Rev. Stat. § 107.080(2)(c). Plaintiff argues that the employees who signed various documents might not have had authority to do so on behalf of their companies, but the fact that Defendants desire to proceed with foreclosure is proof of ratification of these employees' actions. *See Edwards v. Carson Water Co.*, 34 P. 381, 386–89 (Nev. 1893); Restatement (Third) of Agency § 4.03.

Plaintiff has also moved to remand, alleging that the $75,000 amount-in-controversy requirement is not satisfied. This Court, and other district courts within the Circuit, have ruled that the amount of the mortgage, or at a minimum the market value of the property minus the Plaintiff's equity, is the amount to be considered when a Plaintiff seeks injunctive relief, *see, e.g.*, *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1028–19 (N. D. Cal. 2010) (collecting cases), because in such cases it is the value of the subject matter of the lawsuit that controls, *see Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002). The Ninth Circuit does not appear to have directly addressed the issue in the anti-foreclosure-action context. Plaintiff argues that only the value of avoiding a delay in foreclosure is at issue, but the district courts within this Circuit and the sole court of appeals that appears to have addressed the question directly disagree. *See Land Holdings (St. Thomas) Ltd. v. Mega Holdings, Inc.*, 283 F.3d 616,

1  620 (3d Cir. 2002) ("Because this foreclosure action concerns a multi-million dollar parcel of
2  property, the amount in controversy requirement was easily met and Aquamarine's claim to the
3  contrary is without merit.").

4  Plaintiff has also moved for a stay while the Court considers the motions to remand, but
5  the Court may consider those motions and the motion to dismiss simultaneously. Finally,
6  Defendants have moved to strike Plaintiff's first motion to stay because it is unsigned. The
7  Court will deny this motion as moot.

8  At oral argument, the Court indicated that Plaintiff could avoid foreclosure while
9  participating in mandatory mediation so long as Plaintiff made interim payments to Akerman
10 Senterfitt, LLP to hold in trust, the first interim payment being due ten days form the date of the
11 order. The Court ordered counsel for Defendants to file that proposed order.

## CONCLUSION

13 IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 7) is GRANTED, but
14 the Clerk will not yet enter judgment in the case.

15 IT IS FURTHER ORDERED that the Motions to Remand (ECF Nos. 11, 15) are
16 DENIED.

17 IT IS FURTHER ORDERED that the Motions to Stay (ECF Nos. 10, 16) are DENIED.

18 IT IS FURTHER ORDERED that the Motion to Strike (ECF No. 12) is DENIED as
19 moot.

20 IT IS SO ORDERED.

21 Dated this 5th day of July, 2011.

_____
ROBERT C. JONES
United States District Judge